Filed 4/6/15  P. v. Chavez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041435 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. F26660) |
| v. | |
| MIGUEL CHAVEZ, | |
| Defendant and Appellant. | |

Defendant Miguel Chavez pleaded guilty to felony methamphetamine possession (Health & Saf. Code, § 11377, subd. (a)) and no contest to resisting arrest (Pen. Code, § 148, subd. (a)(1)).[1]  The court deferred entry of judgment for the felony (§ 1000 et seq.) and placed defendant on misdemeanor probation for the other offense.  Upon defendant's timely appeal, we appointed counsel to represent him in this court.  Appellate counsel filed a brief stating the case and facts but raising no issues.  We notified defendant of his right to submit written argument on his own behalf and received no response.

We have reviewed the entire record to determine if there are any arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 440-441.)  We include here a brief description of the facts and procedural history of the case, and the convictions and punishment imposed.  (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

An order deferring entry of judgment is not appealable.  (*People v. Mazurette* (2001) 24 Cal.4th 789, 794-795.)  However, because this is "a criminal action in which a

---

[1]  Unspecified statutory references are to the Penal Code.

misdemeanor or infraction is charged in conjunction with a felony" (§ 691, subd. (f)), this is a felony case and the order granting misdemeanor probation is properly before this court. (§§ 1235, subd. (b) [stating appeals in a "felony case," as defined in § 691, are to the court of appeal]; 1237, subd. (a) [defendant may appeal "order granting probation"].)

## I.  TRIAL COURT PROCEEDINGS

California Wildlife Officer Jacob Juarez testified at defendant's preliminary examination that while patrolling the Pajaro River in Watsonville in April 2014, Juarez saw a crudely built shack built on government property. He saw three individuals (including defendant) loitering about 60 feet from the encampment. Juarez asked the individuals to come to the top of a levee where he was standing so he could determine whether they were associated with the shack. When Juarez asked if defendant had any weapons, defendant admitted he had a knife in one of his pockets. Juarez patted down defendant, removed the knife, and felt a small, hard object that he thought might be another knife. When Juarez removed that small object he discovered it was a vial containing a white crystalline substance Juarez suspected was methamphetamine. Juarez decided to arrest defendant but when he tried to handcuff him defendant broke free and ran away. Juarez used his taser four times to stop defendant from fleeing.

Defendant moved before the preliminary hearing to suppress the evidence obtained during Juarez's search (§ 1538.5), which the magistrate denied. Defendant was held to answer and was charged by information with felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and resisting arrest (§ 148, subd. (a)(1)). The information also alleged a prior serious or violent felony conviction (§ 667, subd. (b)), and ineligibility for a county jail sentence due to a prior serious or violent felony conviction (§ 1170, subd. (h)(3)).

Defendant moved to set aside the information (§ 995), arguing that the pat search was an unreasonable search and seizure. The court denied the motion. Defendant thereafter pleaded guilty to possession of methamphetamine and the court granted the

2

prosecutor's motion to defer entry of judgment on that count for 18 months, pending completion of a drug treatment program. (§ 1000 et seq.) Defendant pleaded no contest to misdemeanor resisting arrest and the court suspended imposition of sentence for two years and placed defendant on informal probation. A condition requiring two days jail was deemed served based on defendant's presentence custody credits.

We have reviewed the entire record and find no arguable issue.

## II. DISPOSITION

The order granting misdemeanor probation is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Rushing, P.J.

_____

Márquez, J.